1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANIEL VINCENT,

11            Plaintiff,                    No.  CIV S-12-0196 GGH P

12        vs.

13   MIKE SMITH, et al.,

14            Defendants.                   ORDER

15   _____/

16            Plaintiff appears to be a pre-trial detainee pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20            Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff will not be assessed an initial filing fee.  Plaintiff is also

24   obligated to make monthly payments of twenty percent of the preceding month's income credited

25   to plaintiff's prison trust account.  These payments shall be collected and forwarded by the

26   appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds

$10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2). The court is required to screen

complaints brought by prisoners seeking relief against a governmental entity or officer or

employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint

or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

fail to state a claim upon which relief may be granted, or that seek monetary relief from a

defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a

cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

"The pleading must contain something more...than...a statement of facts that merely creates a

suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged."  Id.

In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff is currently being held in the Plumas County Jail and appears to be a pre-trial detainee. Plaintiff states that he is being unlawfully detained and was denied due process due to fabricated evidence. Plaintiff seeks monetary damages. It seems plaintiff is challenging ongoing criminal proceedings or is attempting to seek damages for an improper conviction. Regardless, the complaint is dismissed, but plaintiff may file an amended complaint within 28 days to provide more information.

To the extent plaintiff is attempting to challenge ongoing criminal proceedings, principles of comity and federalism weigh against a federal court interfering with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971).

To the extent that plaintiff seeks damages arising from a conviction, he is informed that in Heck v. Humphrey, 512 U.S. 477 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not

1    been so invalidated is not cognizable under 1983.

2    Heck, 512 U.S. at 486.  The Court expressly held that a cause of action for damages under § 1983

3    concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has

4    been invalidated, expunged or reversed.  Id.

5         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

6    conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

7    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

8    how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

9    there is some affirmative link or connection between a defendant's actions and the claimed

10   deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

11   164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

12   vague and conclusory allegations of official participation in civil rights violations are not

13   sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

14        In addition, plaintiff is informed that the court cannot refer to a prior pleading in

15   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

16   amended complaint be complete in itself without reference to any prior pleading.  This is

17   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

18   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

19   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

20   original complaint, each claim and the involvement of each defendant must be sufficiently

21   alleged.

22        In accordance with the above, IT IS HEREBY ORDERED that:

23        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

24        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

25   Plaintiff will not be assessed an initial filing fee.  The fee shall be collected and paid in

26   accordance with this court's order to the Plumas County Jail filed concurrently herewith.

1        3.  The complaint is dismissed for the reasons discussed above, with leave to file

2  an amended complaint, within twenty-eight days from the date of service of this order.  Failure to

3  file an amended complaint will result in a recommendation that this action be dismissed.

4  DATED: February 7, 2012

5                               /s/ Gregory G. Hollows
                               UNITED STATES MAGISTRATE JUDGE

6  GGH: AB
    vinc0196.b

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26