IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL VINCENT,

        Plaintiff,                     No.  CIV S-12-0196 MCE GGH P

    vs.

MIKE SMITH, et al.,

        Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a pre-trial detainee pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and is proceeding in forma pauperis.  Plaintiff's original complaint was dismissed and plaintiff has filed an amended complaint and a motion for injunctive relief.

        The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

1  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
2  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
3  Cir. 1989); Franklin, 745 F.2d at 1227.
4        A complaint must contain more than a "formulaic recitation of the elements of a
5  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
6  speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
7  "The pleading must contain something more...than...a statement of facts that merely creates a
8  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
9  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
10 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
11 v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
12 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
13 the court to draw the reasonable inference that the defendant is liable for the misconduct
14 alleged."  Id.
15       In reviewing a complaint under this standard, the court must accept as true the
16 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
17 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
18 and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
19 1843 (1969).
20       Plaintiff is currently being held in the Plumas County Jail as a pre-trial detainee.
21 Plaintiff states that he is being unlawfully detained and seeks this court to intervene.  Plaintiff
22 states there were too many court appearances required for his criminal case and he missed one
23 because he does not have a driver's license and a warrant was issued and he was eventually
24 detained.  He also states the police and prosecutors are fabricating evidence against him.
25 Plaintiff was previously informed that in attempting to challenge ongoing criminal proceedings,
26 principles of comity and federalism weigh against a federal court interfering with ongoing state

criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Plaintiff has again failed to demonstrate extraordinary circumstances. As it is clear no further amount of amendment would cure the deficiencies discussed above, this case should be dismissed and closed.

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S.Ct. 365, 374 (2008). The "serious questions" on the merits test survives, but requires an even clearer showing of irreparable harm and hardship if a preliminary injunction were not to be granted. Alliance for the Wild Rockies, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

In plaintiff's motion for injunctive relief, he wishes this court to dismiss the state charges against him or declare a mistrial and release plaintiff from custody. As stated above, the court cannot provide this type of relieve absent extraordinary circumstances that are not present in this action. As it is clear that plaintiff is not likely so succeed on the merits, his motion for injunctive relief should also be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. The amended complaint be dismissed for the reasons discussed above and this case closed;

2. Plaintiff's motion for injunctive relief (Doc. 11) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

1  shall be served and filed within seven days after service of the objections.  The parties are
2  advised that failure to file objections within the specified time may waive the right to appeal the
3  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: March 19, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
vinc0196.dis

4